UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**JERRY SCOTT RICHARDSON**                                                                                           **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 4:22-CV-P169-JHM**

**DAVIESS COUNTY DETENTION CENTER** *et al.*                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff filed this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. By prior Memorandum Opinion and Order (DN 8), the conducted an initial review of the complaint (DN 1) pursuant to 28 U.S.C. § 1915A and dismissed Plaintiff's claims but provided him the opportunity to file an amended complaint. Plaintiff has now filed an amended complaint (DN 10), and it is before the Court for review pursuant to § 1915A. For the reasons stated herein, the Court will dismiss the claims set forth in the amended complaint but will allow Plaintiff one final opportunity to state his claims in a second amended complaint.

**I.**

Plaintiff is incarcerated as a convicted prisoner at Daviess County Detention Center (DCDC). In the amended complaint, Plaintiff names the following Defendants – DCDC Jailer Art Maglinger; Southern Health Partners (SHP); Nurses Fentress, Thompson, and McCoy; and Dr. Tamberly. Plaintiff indicates that Defendants Fentress, Thompson, McCoy, and Tamberly work at DCDC but are employed by Defendant SHP. Plaintiff sues the individual Defendants in their official capacities only.

Plaintiff makes the following allegations in the complaint:

I am being denied further treatment for my liver. They even denied me any blood work or any test prior to me filing a lawsuit and after I filed it they done blood work and still deny me further treatment. I previously had a [] scan stating scorisis of liver. Need follow up and I give the court permission as of now to obtain my

medical records from Dr. Shannon Atkinson at Graves Gilbert Clinic in Bowling Green, Ky. I also need to add the company who made [] the Hep C treatment but do not have access to find the name of the company. But I was denied one here at DCDC in 2019 and missed one dose – Medical Staff has not advised me even the results saying if I still have Hep C or the results of any test they run. They are saying I just need follow up.

As to [Defendant] Maglinger, I . . . have been assaulted twice here in DCDC and once all my commissary was stolen. I was taken to the hole on one incident and I was the victim why punish me. The staff here has failed to protect me from assaults thereby violating my right to protection from such incidents.

Also Owensboro Health done surgery on my jaw and can't feel half of face. I am not able to provide evidence due to my incarceration but Jail and medical records will provide evidence. I ask the Court to help with this filing and summons for I do not know proper procedure.

As relief, Plaintiff seeks damages and injunctive relief "ASAP."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)

(citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). This means that Plaintiff's official-capacity claim against Defendant Maglinger is actually against his

employer, Daviess County, and that Plaintiff's official-capacity claims against Defendants Fentress, Thompson, McCoy, and Tamberly are actually against their employer, Defendant SHP.

A municipality such as Daviess County cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Id.* To state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

The same analysis that applies to § 1983 claims against a municipality, such as Daviess County, applies to § 1983 claims against a private entity contracted to provide medical services to inmates, such as SHP. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 691 ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.")).

Here, Plaintiff's allegations pertain only to himself, and he does not allege that any constitutional violation occurred pursuant to a policy or custom of either Daviess County or SHP. Accordingly, Plaintiff's claim against Defendant SHP and his official-capacity claims against Defendants Maglinger, Fentress, Thompson, McCoy, and Tamberly must be dismissed for failure to state a claim upon which relief may be granted.

However, prior to dismissing this action, the Court will give Plaintiff one final opportunity to amend his complaint. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

### IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claim against Defendant SHP and his official-capacity clams against Defendants Maglinger, Fentress, Thompson, McCoy, and Dr. Tamberly are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court** is **DIRECTED** to **terminate the above Defendants as parties to this action**.

**IT IS FURTHER ORDERED** that, within **30 days** of entry of this Order, Plaintiff shall file a second amended complaint in which he **1) names as Defendants the individuals who he believes violated his rights; 2)** sues these Defendants in their **individual capacities;** and **3) describes how each Defendant allegedly violated his rights**. Plaintiff is advised that he should not refer to Defendants as "they," "staff," or "medical staff" in the second amended complaint but should make specific allegations against each individual Defendant.[1]

Plaintiff must also complete a summons form for each newly-named Defendant.

The second amended complaint will supersede, *i.e.*, replace, the complaint and amended complaint, and the Court will conduct an initial review of the second amended complaint only.

---

[1] "Plaintiff must state a plausible constitutional violation against each individual defendant - the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi*, 680 F. 3d 617, 626 (6th Cir. 2012) (citations omitted).

The **Clerk of Court** is further **DIRECTED** to place the instant case number and the words "Second Amended Complaint" on a § 1983 complaint form and send it to Plaintiff, along with four blank summons forms, for his use should he decide to file a second amended complaint.

If Plaintiff files a second amended complaint within 30 days, the Court will review it pursuant to § 1915A. If Plaintiff fails to timely file a second amended complaint, the Court will dismiss this action for the reasons stated herein and in the Court's prior Memorandum Opinion and Order.

Date: March 16, 2023

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendants
      Daviess County Attorney
4414.011